


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lavern Sanders
          Plaintiff(s),

v.

Grenadier Realty, Inc;
Stevenson Commons, Inc.,

Does 1-10 inclusive
          Defendant(s)

CIVIL ACTION NO.
COMPLAINT AND

**08 CIV 3920**

JURY TRIAL DEMAND

Plaintiff LAVERN SANDERS as and for her complaint, by her undersigned counsel, allege as follows:

## INTRODUCTION

1. This is a suit to obtain relief for retaliation and denial of benefits arising from the discrimination by defendants regarding plaintiff's housing and expression of her First Amendment rights.

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1343 and 1343(4) and under 42 U.S.C.A. §1981 and §1982, 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C.A. § 1367. Venue is proper under 28 U.S.C. § 1391, as the events in question occurred in Bronx, New York.

3. Plaintiff served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the requirements

1

of the Administrative Code of the City of New York §8-502 (c).

## PARTIES

4. The plaintiff, Lavern Sanders is a Black female and a resident of Stevenson Commons, located in the Bronx, New York. Plaintiff has served as the president of the tenants association from April 2004 to the present.

5. Upon information and belief, Grenadier Realty is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in Brooklyn, New York.

6. Upon information and belief, Stevenson Commons is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in Brooklyn, New York

7. Stevenson Commons is a housing project subsidized under Section 236 of the National Housing Act.

## FACTUAL ALLEGATIONS

8. Lavern Sanders moved into Stevenson Commons on or about January 1983. On or about March 2004, plaintiff took office and was active as the tenant association president. She felt compelled to take on the post to tackle the myriad of problems you felt tenants faced.

9. Shortly after assuming this post, plaintiff was subjected to a continuing and variety of retaliatory acts.

10. She was threatened with eviction and was refused a recertification that would have granted her rent subsidies; subsidies she needed to help pay her rent.

11. On occasions too numerous to count, but as recent as February, 2008, plaintiff was once

again denied the right to the subsidies that she is entitled to. Said subsidy is necessary for plaintiff to be able to afford her rent, causing her in many instances to default on her rent.

12. The defendants have used the courts to file several actions against the plaintiff that serve no other purpose but to harass and intimidate her.

13. At all times plaintiff was competent and able to pay her rent under the subsidies offered to her under the National Housing Act.

14. Upon information and belief, several other residents have been granted recertification and subsidies, while plaintiff has either been denied same or simply placed on a waiting list.

15. Upon information and belief, non-black residents have been granted subsidies and re-certifications while plaintiff has been denied same in the same period.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

17. By retaliating and discriminating against Lavern Sanders, without justification, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the First, Fifth and Fourteenth Amendments of the United States Constitution.

18. In addition, the Defendants conspired among themselves to deprive plaintiff of her constitutional rights secured by the First, Fifth and Fourteenth Amendments to United

States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

19. The Defendants acted under pretense and color of state law and in their individual and official capacities, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fifth and Fourteenth Amendments to the United States Constitution.

20. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

22. The defendants retaliated against plaintiff because she complained about the lack being discriminated for being the tenant association president. Defendants refused to provide plaintiff the recertification she needed to obtain the necessary subsidies to help her with her rent in violation of her constitutional rights pursuant to section 1983.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

24. In light of the foregoing therefore, the defendants discriminated on account of her race and national origin in violation of Title VIII, and sections 1982 and 1981.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. Plaintiff adopts and incorporates each allegation designated above in support of this Count.

26. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile environment on account of her race in violation of the New York State Executive Law (Human Rights Law).

### AS AND FOR A FIFTH CAUSE OF ACTION

27. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

28. The defendants retaliated against plaintiff because of her association in violation of the First Amendment.

### AS AND FOR A SIXTH CAUSE OF ACTION

29. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

30. The defendants retaliated against plaintiff because she complained about the racially discriminatory treatment she was subjected in violation of Title VIII.

### AS AND FOR A SEVENTH CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

32. The defendants retaliated against plaintiff because she complained about the racially discriminatory treatment she was subjected in violation of New York State Executive Law (Human Rights Law).

### AS AND FOR AN EIGHTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

34. The defendants retaliated against plaintiff because she complained about the racially discriminatory treatment she was subjected in violation of the Administrative Code of the City of New York

### AS AND FOR A NINTH CAUSE OF ACTION

35. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

36. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile environment on account of her association with her tenant association in violation of the Administrative Code of the City of New York.

## AS AND FOR A TENTH CAUSE OF ACTION

37. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

38. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her membership in her tenant association in violation of the Administrative Code of the City of New York.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

40. Defendants engaged in malicious use of process, mainly that by bringing several unjustified actions against plaintiff in housing courts, the defendants attempted to harass plaintiff in an attempt to get her to move from her home.

41. That said actions were in bad faith.

42. After engaging in protected activity, plaintiff experienced adverse actions that involved threats of eviction and hostility.

43. The adverse job actions plaintiffs experienced were not wholly unrelated to her protected activity.

44. As a result of the defendants' actions, Plaintiff sustained emotional and economic damage.

## AS AND FOR A TWELFTH CAUSE OF ACTION

45.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

46. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

47. The Defendants engaged in conduct that negligently caused severe emotional distress to plaintiff.

48. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through the conduct of the Defendants Officers.

49. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Lavern Sanders, demands judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of Title VIII, New York State Human Rights Law, the New York City Administrative Law, and the common law of New York;

(b) enjoining and permanently restraining these violations of Title VIII, the New York State Human Rights Law, the New York City Administrative Law and the Common Law of New York.

(c) Directing defendants to pay plaintiff an additional amount as compensatory damages for her

pain and suffering;

(d)Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(e)Awarding plaintiff such interest a is allowed by law;

(f)Awarding plaintiff reasonable attorneys' fees and costs pursuant to 42 U.SC. §1988;

(g)Trial by Jury; and

(h)Granting such and further relief as this Court deems necessary and proper.

Dated:     Brooklyn, New York          Respectfully submitted,

           April 25, 2007

                                       _____
                                       NKEREUWEM UMOH [NU 7233]
                                       Attorney for Plaintiff
                                       25 Bond Street, 2nd Floor
                                       Brooklyn, NY 11201
                                       718.360.0527

TO:
Defendant's Address:
Grenadier Realty
1230 Pennsylvania Ave
Brooklyn, NY, 11239

SOUTHERN DISTRICT OF NEW YORK
===================================================

Lavern Sanders

       Plaintiff,

v.

Grenadier Realty, Inc;
Stevenson Commons, Inc.,

       Defendants
===================================================
## SUMMONS AND COMPLAINT
===================================================

**Nkereuwem Umoh, Esq.
Attorney for Plaintiff
255 Livingston Street-4th Floor
Brooklyn, NY 11217
(718) 360-0527**
===================================================

**To:**                               **Service of a copy of the within
                                       is hereby admitted.**

                                        **Dated: 11/02/2007**