UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lavern Sanders and Queen Holt
    Plaintiff(s),

v.

Grenadier Realty, Inc;
Stevenson Commons, Inc.,

Does 1-10 inclusive
    Defendant(s)

CIVIL ACTION NO. 08 CV 3920
AMENDED COMPLAINT AND
JURY TRIAL DEMAND



RECEIVED
MAY 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff LAVERN SANDERS and QUEEN HOLT, as and for their complaint by their undersigned counsel, allege as follows:

### INTRODUCTION

1. This is a suit to obtain relief for retaliation and discrimination arising from the acts by defendants in relation to plaintiffs' housing, benefits, and expression of their First Amendment rights.

### JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1343 and 1343(4) and under 42 U.S.C.A. §1981 and §1982, 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C.A. § 1367. Venue is proper under 28 U.S.C. § 1391, as the events in question occurred in Bronx, New York.

3. Plaintiffs served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the

1

requirements of the Administrative Code of the City of New York §8-502 (c).

## PARTIES

4. The plaintiff, Lavern Sanders is a Black female and a resident of Stevenson Commons, located in the Bronx, New York. Plaintiff has served as the president of the tenants association from April 2004 to the present.

5. The plaintiff, Queen Holt is a Black female and a resident of Stevenson Commons, located in the Bronx, New York. Plaintiff has served as the vice-president of the tenants association from April 2004 to the present.

6. Upon information and belief, Grenadier Realty is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in Brooklyn, New York.

7. Upon information and belief, Stevenson Commons is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in Brooklyn, New York

8. Stevenson Commons is a housing project subsidized under Section 236 of the National Housing Act.

## FACTUAL ALLEGATIONS

9. Lavern Sanders moved into Stevenson Commons on or about January 1983. On or about March 2004, plaintiffs became president of the tenant association. Holt was elected vice-president.

10. Shortly after assuming this post, plaintiffs were subjected to a variety of retaliatory acts. Most recently, throughout the years 2005 to 2007, the plaintiffs have been prevented from

assembling and conducting any tenant association meetings because defendants have locked them out of all available rooms.

11. Plaintiffs have also been threatened with eviction and refused a recertification that would granted her much needed rent subsidies; subsidies they need to help pay their rent.

12. On occasions too numerous to count, but as recent as February, 2008, plaintiff Lavern Sanders was once again denied the right to the subsidies that she is entitled to. Said subsidy is necessary for plaintiff to be able to afford her rent, causing her in many instances to default on her rent.

13. Queen Holt, who works as a home care provider, was threatened with eviction if she did not obtain $1million, while several similarly situated tenants were never asked to do the same.

14. The defendants have used the courts to file several actions against the plaintiffs that serve no other purpose but to harass and intimidate them.

15. At all times plaintiffs were competent and able to pay their rent under the subsidies offered to her under the National Housing Act.

16. Upon information and belief, several other residents have been granted recertification and subsidies, while plaintiff has either been denied same or simply placed on a waiting list. Many new residents have been granted subsidies ahead of plaintiffs.

17. Upon information and belief, non-black residents have been granted subsidies and re-certifications while plaintiffs have been denied same in the same period.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiffs hereby restates all paragraphs above of this complaint, as though fully set forth below.

19. By retaliating and discriminating against plaintiffs, without justification, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the First, Fifth and Fourteenth Amendments of the United States Constitution.

20. In addition, the Defendants conspired among themselves to deprive plaintiff of their constitutional rights secured by the First, Fifth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

21. The Defendants acted under pretense and color of state law and in their individual and official capacities, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fifth and Fourteenth Amendments to the United States Constitution.

22. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiffs repeat and re-allege each allegation set forth above in support of this count.

4

24. In violation of Section 1983 and the First Amendment, the defendants retaliated against plaintiffs because they assumed the office of president and vice-president and because they complained of the being discriminated for being officers of the tenant association.

### AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiffs adopt and incorporate each allegation set forth above in support of this count.

26. In light of the foregoing therefore, the defendants discriminated against plaintiffs on account of their race and national origin in violation of Title VIII, and sections 1982 and 1981.

### AS AND FOR A FOURTH CAUSE OF ACTION

27. Plaintiffs adopt and incorporate each allegation designated above in support of this Count.

28. In light of the foregoing therefore, the defendants discriminated against plaintiffs on account of her race in violation of the New York State Executive Law (Human Rights Law).

### AS AND FOR A FIFTH CAUSE OF ACTION

29. Plaintiffs repeat and re-allege each allegation set forth above in support of this count.

30. The defendants retaliated against plaintiffs because they complained about the racially discriminatory treatment they were subjected in violation of Title VIII.

### AS AND FOR A SIXTH CAUSE OF ACTION

31. Plaintiffs repeat and re-allege each allegation set forth above in support of this count.

32. The defendants retaliated against plaintiffs because they complained about the racially

discriminatory treatment they were subjected in violation of New York State Executive Law (Human Rights Law).

## AS AND FOR A SEVENTH CAUSE OF ACTION

33. Plaintiffs repeat and re-allege each allegation set forth above in support of this count.

34. The defendants retaliated against plaintiff because they complained about the racially discriminatory treatment they was subjected in violation of the Administrative Code of the City of New York

## AS AND FOR AN EIGHTH CAUSE OF ACTION

35. Plaintiffs adopt and incorporate each allegation set forth above in support of this count.

36. In light of the foregoing therefore, the defendants subjected plaintiffs to a discriminatory hostile environment on account of their association with the tenant association in violation of the Administrative Code of the City of New York.

## AS AND FOR A NINTH CAUSE OF ACTION

37. Plaintiffs adopt and incorporate each allegation set forth above in support of this count.

38. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of her membership in her tenant association in violation of the Administrative Code of the City of New York.

## AS AND FOR A TENTH CAUSE OF ACTION

39. Plaintiffs repeat and re-allege each allegation set forth above in support of this count.

40. Defendants engaged in malicious use of process, primarily that by bringing several unjustified actions against plaintiffs in housing courts, the defendants attempted to harass plaintiffs in an attempt to get them to move from their home.

41. That said actions were in bad faith.

42. After engaging in protected activity, plaintiff experienced adverse actions that involved threats of eviction and hostility.

43. The adverse job actions plaintiffs experienced were not wholly unrelated to her protected activity.

44. As a result of the defendants' actions, Plaintiff sustained emotional and economic damage.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

45. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

46. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

47. The Defendants engaged in conduct that negligently caused severe emotional distress to plaintiff.

48. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through the conduct of the Defendants Officers.

49. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## PRAYER FOR RELIEF AND JURY DEMAND

7

WHEREFORE, Plaintiff Lavern Sanders and Queen Holt, demands judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of Title VIII, New York State Human Rights Law, the New York City Administrative Law, and the common law of New York;

(b) enjoining and permanently restraining these violations of Title VIII, the New York State Human Rights Law, the New York City Administrative Law and the Common Law of New York.

(c) Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

(d) Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(e) Awarding plaintiff such interest a is allowed by law;

(f) Awarding plaintiff reasonable attorneys' fees and costs pursuant to 42 U.SC. §1988;

(g) Trial by Jury; and

(h) Granting such and further relief as this Court deems necessary and proper.

Dated:    Brooklyn, New York        Respectfully submitted,

          May 7, 2008

                                    _____
                                    NKEREUWEM UMOH [NU 7233]
                                    Attorney for Plaintiffs
                                    25 Bond Street, 2nd Floor
                                    Brooklyn, NY 11201
                                    718.360.0527

TO:
Defendant's Address:
Grenadier Realty

1230 Pennsylvania Ave
Brooklyn, NY, 11239

9