# UWEM UMOH

**ATTORNEY AT LAW**

255 LIVINGSTON STREET, 4TH FLOOR,
BROOKLYN, N.Y. 11217

_____

TEL: 718.360.0527          EMAIL: numoh@umohlaw.com          FAX: 800.516.5929

BY ECF

July 23, 2008

DISTRICT JUDGE WILLIAM H. PAULEY
United States District Court--SDNY
500 Pearl Street—Room 2210
Courtroom 11D
New York, New York 10007

> Re:    Sanders v. Grenadier Realty et al.
>            08 CV 3920(WHP)

Your Honor:

I represent the plaintiffs in the above referenced matter and write for a Pre-Motion Conference to move for an Order staying plaintiff Lavern Sanders's eviction during the pendency of this action, or in the case she is evicted before this application is decided, that plaintiff be reinstated to her apartment at Stevenson Commons. Plaintiff's eviction is scheduled for July 24, 2008.

Absent cases that present a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law, where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, a federal court should generally exercise jurisdiction over cases brought before it. Younger v. Harris, 91 S.Ct. 746, (1971); Douglas v. City of Jeannette, 63 S.Ct. 877, (1943); County of Allegheny v. Frank Mashuda Co., 79 S.Ct., at 1063; Louisiana Power & Light Co. v. City of Thibodaux, 79 S.Ct. 1070(1959),

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." County of Allegheny v. Frank Mashuda Co., 79 S.Ct. 1060 (1959).

A petition was filed by the defendants on February 27, 2008 seeking plaintiff's eviction.  A warrant was issued on July 7, 2008.  The plaintiff Sanders's eviction is based on an unlawful rent overcharge, as a result of the defendants' retaliation against Sanders. Sanders's complaint details allegations that the defendants violated her First Amendment right, retaliated against her by overcharging her rent, as well as discriminating against her on the basis of her race.  This action is brought pursuant to the Fair Housing Act and other housing laws in New York State, City and the Federal Laws.  She faces eviction because she has not been able to make her rent, rent that has been placed beyond her reach by the unlawful actions of the defendants.  An eviction on this ground, without the resolution of the amount of rent plaintiff may or may not owe, would result in an irreparable injustice befalling Ms. Sanders.

Accordingly, plaintiff respectfully requests that a pre-motion conference be held to allow plaintiff make an application to stay her eviction.

I thank Your Honor for your time and consideration of this request.

Respectfully,


s/
NKEREUWEM UMOH

Cc: Melissa Katz and Sophie Ree, Esqs., counsel for defendants, by ECF.