MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/08

# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

MELISSA S. KATZ
ASSOCIATE

TEL: (212) 393-7910
EMAIL: mkatz@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

August 7, 2008

**VIA HAND DELIVERY**

Honorable William H. Pauley, III
United States District Court Judge
United States District Court Southern District of New York
500 Pearl Street
New York, New York 10007

*Application granted.*

**SO ORDERED:**

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
8/11/08

Re:   Sanders v. Grenadier Realty, Inc et al.
      Civil Docket No.: 1:08-cv-03920 (WHP) (DFE)

*The pre-motion conference shall be held on August 15, 2008 at 10:00 a.m.*

Dear Judge Pauley:

We represent the defendant Stevenson Commons Associates, L.P. ("defendant" or "Stevenson Commons") in the above referenced action.

In compliance with Your Honor's Individual Motion Practices, this letter is written to request a pre-motion conference seeking permission for defendant to file a motion to dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Plaintiffs, who reside at Stevenson Commons, a privately owned housing complex located in Bronx, New York, claim that due to their involvement with a tenant association, they have been subject to discrimination and retaliation, including threats of eviction and related actions such as being denied subsidies.

In the Amended Complaint, plaintiffs reference over ten statutes as a basis for their causes of action against the defendants, including 42 U.S.C. §1981, §1982 and §1983, the 1st, 5th and 14th Amendments, Title VII, the Fair Labor Standards Act ("FLSA"), Title VIII, the New York State Executive Law, and the New York City Administrative Code.

466363 DocsNY

**Landman Corsi Ballaine & Ford** P.C.

Honorable William H. Pauley, III
August 7, 2008
Page 2

In accordance with your Honor's Scheduling Order dated July 31, 2008, plaintiffs' counsel notified the defendants on August 6, 2008 by email that plaintiffs would be withdrawing their claims based on 42 U.S.C § 1983, the 5th and 14th Amendments, 42 U.S.C § 1981 and Title VII. Therefore, defendant's letter will only be addressing plaintiffs' remaining claims.

It is well settled that federal courts lack "subject matter jurisdiction over state eviction actions or other landlord-tenant matters." *Senior v. University Towers Associates,* 2008 U.S. Dist. LEXIS 18274, at *6-7 ( E.D.N.Y. March 4, 2008). Thus, it appears that plaintiffs are merely citing federal violations as a means of proceeding in federal court, when such matters are clearly under the sole jurisdiction of the state court. Accordingly the Amended Complaint should be dismissed.

Even assuming *arguendo* that the Court had jurisdiction over plaintiffs' remaining claims, this action should still be subject to dismissal. Presumably, plaintiffs withdrew their claims under 42 U.S.C. § 1983 and the 5th and 14th Amendments because they were unable to show that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). However, this required "state action" is also necessary when pleading claims under the First Amendment. *See Andujar v. Hewitt,* 2002 U.S. Dist. Lexis 14294, at *27 (S.D.N.Y. 2004) ("With the exception of the Thirteenth Amendment, our federal Constitution regulates only the government, not private parties"). Therefore, plaintiffs' claims under the First Amendment should be dismissed.

Apparently, plaintiffs also withdrew their 42 U.S.C. § 1981 claim because they were unable to allege with detail that defendants' alleged housing related actions were the result of intentional race discrimination.[1]  Yet, claims under 42 U.S.C § 1982 are to be analyzed and construed in the same manner as 42 U.S.C. 1981, since both statutes are derived from the same legislative history. *See Ragin v. New York Times,* 726 F. Supp. 953, 965 (S.D.N.Y. 1989). Since plaintiffs are unable to state a claim under 42 U.S.C. § 1981, their claims under 42 U.S.C. § 1982, should also fail.

It is unclear why plaintiffs attempt to utilize the FLSA as a basis for a cause of action because the statute provides for wage requirements in the context of certain types of employment. There are no allegations in the Amended Complaint that plaintiffs and defendant had an

---

[1] For a 42 U.S.C. § 1981 claim to survive a motion to dismiss, plaintiffs must allege with specificity the facts constituting intentional racial discrimination or those which give rise to feasible inferences of racial discrimination. *See Evans-Gardsen v. Bernstein,* 332 F. Supp. 2d 592, 596 (S.D.N.Y. 2004) (complaint dismissed for failure to properly allege intentional race discrimination).

**Landman Corsi Ballaine & Ford** P.C.

Honorable William H. Pauley, III
August 7, 2008
Page 3

employer-employee relationship. Accordingly, plaintiffs claims under the FLSA should be dismissed.

Finally, to state a claim under Title VIII, plaintiffs must show that they are "(1) members of a protected class, (2) that they sought and were qualified to rent or purchase the housing; (3) that they were rejected; and (4) that the housing opportunity remained available to other renters or purchasers." *Mitchell v. Shane,* 350 F.3d 39, 47 (2d Cir. 2003). Plaintiffs fail to set out a *prima facie* case of discrimination under Title VIII as set forth above. Since plaintiffs' claims fail under Title VIII, they too must fail under the state and local statutes. *Mitchell,* 350 F.3d 39 at 47, n. 4 (state claims evaluated under same framework as federal claims). Accordingly plaintiffs' claims under Title VIII, the New York State Executive Law and the New York City Administrative Code should be dismissed.

For the above reasons, Defendant Stevenson Commons respectfully requests permission to file a motion to dismiss.

Thank you for your consideration.

Respectfully Submitted,

Melissa S. Katz

cc:    Nkereuwem Inyang Umoh, Esq. (via facsimile)
       Neil Brody, Esq. (via facsimile)

466363 DocsNY