UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LAVERN SANDERS et ano.,                      :
                                             :
                    Plaintiffs,              :
                                             :
        -against-                            :
                                             :
GRENADIER REALTY, INC. et ano.,              :
                                             :
                    Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/09

08 Civ. 3920 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Lavern Sanders ("Sanders") and Queen Holt ("Holt") bring this federal

civil rights action against Defendants Grenadier Realty, Inc. ("Grenadier") and Stevenson

Commons Inc. ("Stevenson Commons")[1] for violations of 42 U.S.C. § 1982, the Fair Housing

Act, 42 U.S.C. § 3604, the First Amendment, and pendent claims under New York state and city

law. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6). Plaintiffs move for leave to amend the complaint. For the following reasons,

Defendants' motion is granted and Plaintiffs' motion is denied.

## BACKGROUND

        For purposes of this motion, the allegations in the Amended Complaint are

accepted as true. Grenadier and Stevenson Commons are New York corporations. (Amended

Complaint dated May 7, 2008 ("Am. Compl." or "Amended Complaint") ¶¶ 6-7.) Stevenson

Commons is a subsidized housing project. (Am. Compl. ¶ 8.) Sanders and Holt, who are both

---

[1] Defendants note that Stevenson Commons is properly named Stevenson Commons Associates,
L.P.

African-American, are residents of Stevenson Commons and have served as president and vice-president, respectively, of the tenants association from April 2004 to the present. (Am. Compl. ¶¶ 4-5.)

From 2005 to 2007, Plaintiffs allege that Defendants locked them out of "all available rooms," and, therefore, they were prevented from assembling and conducting any tenant association meetings. (Am. Compl. ¶ 10.) Defendants also threatened to evict them. (Am. Compl. ¶ 13.) In February 2008, Defendants denied Sanders certain rent subsidies, causing her to default on her rent obligations. (Am. Compl. ¶ 12.) Other residents, who are not African-American, were granted subsidies during the same period. (Am. Compl. ¶ 17.)

On July 31, 2008, this Court held a conference to discuss Plaintiffs' request to stay certain eviction proceedings before the Bronx Housing Court. During that conference the parties also discussed Plaintiffs' underlying claims. Thereafter, Plaintiffs withdrew their request for a stay and this Court directed Plaintiffs to inform Defendants of their intention to withdraw any claims by August 5, 2008. By letter dated August 7, 2008, Defendants informed this Court that Plaintiffs had withdrawn their § 1981, § 1983, and Title VII claims, as well as their claims under the Fifth and Fourteenth Amendments. (Docket No. 16.) Plaintiffs did not file a second amended complaint. Thereafter, Defendants moved to dismiss Plaintiffs' remaining claims.

## DISCUSSION

### I. Legal Standard

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. <u>Grandon v.</u>

-2-

Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  Nonetheless, "factual allegations must

be enough to raise a right of relief above the speculative level, on the assumption that all of the

allegations in the complaint are true."  Bell Atl. Corp. v. Twombly, 540 U.S. 544, 556 (2007)

(requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will

reveal evidence of [his claim]"); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87,

98 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as

relating only to antitrust cases.").


## II.  Section 1982

Section 1982 provides that "[a]ll citizens of the United States shall have the same

right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  "To state a

sufficient claim for relief under Section 1982 the complaint must specifically allege . . . an intent

to discriminate on the basis of race by the defendant . . . ."  Jones v. Nat'l Commc'n &

Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (citation omitted); see also

Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982) (holding that

companion section 1981 requires that there be intentional discrimination).  "A complaint

consisting of nothing more than naked assertions and setting forth no facts upon which a court

could find a violation . . . fails to state a claim under Rule 12(b)(6)."  Evans-Gadsden v.

Bernstein Litowitz Berger & Grossman, LLP, 332 F. Supp. 2d 592, 596 (S.D.N.Y. 2004); see

also Jenkins v. Arcade Bldg. Maint., 44 F. Supp. 2d 524, 528 (S.D.N.Y. 1999) ("In order to

survive a motion to dismiss, the events of the intentional and purposeful discrimination, as well

-3-

as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint.") (citation and internal quotation marks omitted).

The Amended Complaint fails to specifically allege intentional discrimination based upon race and offers nothing more than conclusory allegations. The mere assertion that residents who were not African-American were granted subsidies while Plaintiffs were not is "devoid of any facts from which it can be inferred that there was any discriminatory intent." Jones, 409 F. Supp. 2d at 470 (dismissing § 1982 claim where Plaintiff mentioned he was African American but failed to allege any discriminatory intent based upon race on the part of any Defendant). Holt's allegation that she was "threatened with eviction if she did not obtain $1 million, while several similarly situated tenants were never asked to do the same," suffers from the same defect—it is bereft of any alleged racial animus. Accordingly, Defendants' motion to dismiss Plaintiffs' Section 1982 claim is granted.

## III. First Amendment

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" Flagg v. Yonkers Sav. & Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005) (quoting United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991)). "For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Flagg, 396 F.3d at 187 (quoting Cranley v. Nat'l Life Ins. Co.,

318 F.3d 105, 111 (2d Cir. 2003)). "A nexus of 'state action' exists between a private entity and the state when the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies." Flagg, 396 F.3d at 187 (internal quotation marks omitted).

"That programs undertaken by the State result in substantial funding of the activities of a private entity is no[t] . . . persuasive . . . in demonstrating that the State is responsible for decisions made by the entity in the course of its business." Blum v. Yaretsky, 457 U.S. 991, 1011 (1982); see also Chan v. City of N.Y., 1 F.3d 96, 106 (2d Cir. 1993) ("The "close nexus" test is not satisfied merely by the fact that the private entity . . . [is] publicly subsidized . . . .") (internal citations omitted).

Stevenson Commons and Grenadier are both private corporations. While Plaintiffs argue that the state grants them the ability to make low income housing available, that is insufficient to establish state action. Accordingly, Plaintiffs' First Amendment claim is dismissed.

IV. Fair Housing Act

In order to establish a prima facie case of housing discrimination under the Fair Housing Act, Plaintiffs must allege that: (1) they are members of a protected class; (2) they sought and were qualified to rent or purchase the housing; (3) they were rejected; and (4) the

housing opportunity remained available to other renters or purchasers. Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003).

   Plaintiffs do not adequately plead that they were qualified to rent. First, Plaintiffs assert that they were refused a recertification that would have granted them certain rent subsidies, and that in February 2008, Sanders was denied the right to the subsidies to which she is "entitled." (Am. Compl. ¶ 12.) However, Plaintiffs do not allege that Defendants, rather than a government agency, denied Sanders the subsidies. Even assuming, arguendo, that Defendants denied Plaintiffs such subsidies, Plaintiffs do not allege that they were otherwise qualified to receive the subsidies. Plaintiffs mere assertion that they were "entitled" to such subsidies is not a "factual allegation[] . . . enough to raise a right of relief above the speculative level." Twombly, 127 S. Ct. at 1965; cf. Elmowitz v. Executive Towers at Lido, LLC, 571 F. Supp. 2d 370, 376 (E.D.N.Y. 2008) (qualified to rent where Plaintiff alleged he had already renewed his lease once in the past). Accordingly, Defendants' motion to dismiss Plaintiffs' Fair Housing Act claim is granted.

## V. State Law Claims

   A court "may decline to exercise supplemental jurisdiction over a [pendent state law] claim" if the court "has dismissed all [federal] claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Once [a court's] discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (internal citation and quotation marks omitted).

Having dismissed all of Plaintiff's federal claims, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, Defendants' motion to dismiss Plaintiffs' state law claims is granted.

## VI.  Leave to Amend

Plaintiffs seek leave to amend the complaint (which they already amended once) to add four new claims—violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, as well as a claim for violation of the Fair Debt Collection Practices Act and two related state law claims—to clarify that Defendants are state actors under § 1983, and to add an additional defendant. However, Plaintiffs have already had two opportunities to amend their complaint. They amended once prior to any pre-motion conference. Then, following a conference with the Court discussing the deficiencies in the amended pleading, Plaintiffs were afforded a further opportunity to amend their Amended Complaint. Instead of filing a second amended complaint, Plaintiffs simply withdrew certain claims. Thereafter, Plaintiffs participated in a pre-motion conference to discuss a proposed motion to dismiss the remaining claims of the Amended Complaint. Here again, Plaintiffs did not interpose a second amended complaint, nor did they announce any intention to do so. Instead, they sought to add entirely new claims as part of their opposition to the motion to dismiss.

"[L]eave [to amend] shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). However, "where it is apparent to the Court that amending the complaint would be futile, permission to amend should be denied." Hunt v. Alliance N. Am. Gov't Income Trust, Inc., 159 F.3d 723, 728 (2d Cir. 1998). A proposed amendment is futile if it would not withstand

-7-

a Rule 12(b)(6) motion to dismiss. Hunt, 159 F.3d at 728.

Rather than attach a proposed second amended complaint, Plaintiffs submit affidavits from Sanders and Holt setting forth additional facts. "In order to meet the requirements of particularity in a motion to amend, 'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.'" Zito v. Leasecomm Corp., No. 02 Civ. 8072 (GEL), 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (quoting Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). However, the failure to file a proposed amended complaint "is not fatal where there is no undue prejudice to defendant." Fei v. WestLB AG, No. 07 Civ. 8785 (HB), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008); see also Christiana Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co., 745  F. Supp. 150, 164 (S.D.N.Y. 1990). Plaintiffs' affidavits and memorandum of law provides the basis for their proposed second amended complaint. Accordingly, this Court finds there is no undue prejudice to Defendants and will consider the affidavits in deciding whether to allow Plaintiffs to amend.

A. Title VI Claim

To establish a Title VI claim, a plaintiff must show: (1) that the defendant discriminated against him on the basis of race, (2) that the discrimination was intentional, and (3) that the discrimination was a "substantial" or "motivating factor" for the defendant's actions. Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001). "It is well established that a complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." South Bronx Coalition for Clean Air, Inc. v. Conroy, 20 F. Supp. 2d 565, 572 (S.D.N.Y. 1998) (quoting Leon v. Murphy, 988

-8-

F.2d 303, 311 (2d Cir. 1993)).

   Plaintiffs assert that Defendants' refusal to offer them rent subsidies "was partly based on [their] position[s] as the president [and vice president] of the tenant association, [their] race, and [their] actions as president [and vice president] of the tenant association in defending the tenants from racial discrimination." (Affidavit of Lavern Sanders dated Oct. 28, 2008 ("Sanders Aff.") ¶ 5; Affidavit of Queen Holt dated Oct. 28, 2008 ("Holt Aff.") ¶ 5.) Plaintiffs state that "this discrimination was intentional." (Sanders Aff. ¶ 5; Holt Aff. ¶ 5.) Plaintiffs offer no specific dates or other details surrounding the denial of subsidies. Plaintiffs' affidavits suffer from the same defects as the Amended Complaint. They offer only conclusory allegations of intentional discrimination. Moreover, Plaintiffs attribute Defendants' decision not to offer them rent subsidies to three factors, one of which is their race, but give no indication that Plaintiffs' race was accorded special weight, thus making it a "substantial" or "motivating factor." Accordingly, Plaintiffs' Title VI claim would not withstand a 12(b)(6) motion to dismiss and its inclusion in a second amended complaint would be futile.

  B. Remaining Claims

   The remaining claims that Plaintiffs propose— a claim for violation of the Fair Debt Collection Practices Act and two related state law claims—as well as Plaintiffs' additional allegations concerning their § 1983 claim, are supported by even fewer details. Accordingly, this Court finds that any amendment would be futile and denies leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. In addition,

because this Court finds that any amendment would be futile, Plaintiffs' request for leave to

amend the Amended Complaint is denied. The Clerk of the Court is directed to terminate all

motions pending as of this date and mark this case closed.

Dated: May 6, 2009
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Nkereuwem Imyang Umoh, Esq.
Law Office of Uwem Umoh
25 Bond Street, 2nd Floor
New York, NY 11201
*Counsel for Plaintiffs*

Melissa Shari Katz, Esq.
Landman Corsi Ballaine & Ford PC
120 Broadway, 27th Floor
New York, NY 10271
*Counsel for Defendant Stevenson Commons Inc.*

Joshua David Lindy, Esq.
Brody, Benard & Branch LLP
205 Lexington Avenue, 4th Floor
New York, NY 10016
*Counsel for Defendant Grenadier Realty, Inc.*

-10-